UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH STEWART                                          CIVIL ACTION

VERSUS                                                   NO. 05-1297

ALLSTATE INSURANCE COMPANY                               SECTION "B" (1)

ORDER & REASONS

Before the Court is a Motion to Remand on the grounds of abstention (Rec. Doc. No. 6) and a Motion to Remand on the grounds of insufficient amount in controversy (Rec. Doc. No. 9). The motions were noticed for hearing without oral argument on May 25, 2005. The Court has reviewed the pleadings, the attachments, and the applicable law and is now fully advised and ready to rule.

BACKGROUND

Allstate Insurance Company ("Allstate") provided homeowner's insurance, including Louisiana standard form fire insurance coverage to Plaintiff, Kenneth Stewart ("Stewart") under a "Deluxe Select Value Homeowners Policy," Number 0 45 224952 03/11, with a stated policy period that commenced March 11, 2003 "with no fixed date of expiration," but with a "premium period" of March 11, 2003 to March 11, 2004. See Rec. Doc. No. 6, exh. A. The policy was a renewal of insurance that Mr. Stewart had carried on his townhouse, located at 325 Ormond

1

Meadows Drive, Unit "D," Destrehan, Louisiana, since first applying for insurance in March, 1993.  The declarations to the Allstate policy specify Limits of Liability for Dwelling Protection in the amount of $35,000, as well as Family Liability Protection limits of $100,000 each occurrence.

On March 10, 2004, a fire destroyed Mr. Stewart's townhouse and damaged a common roofing element shared with Andre Guidry, who owned the adjoining townhouse.  Andre Guidry filed suit on October 18, 2004 against Mr. Stewart and Allstate in the matter entitled, "Andre Guidry v. Kenneth Stewart and Allstate Insurance Company," No. 61445, in the 29th Judicial District Court, Parish of St. Charles, State of Louisiana, for damages and injunctive relief.  Mr. Stewart seeks an injunction to have his premises secured to prevent further water intrusion into his premises due to the alleged absence of a roof over Mr. Stewart's premises.  ANPAC Insurance Company of Louisiana ("ANPAC") intervened in Guidry's action to recover its loss payments and for all equitable relief to which it may be entitled.

Allstate on June 11, 2004 denied the claim made by Stewart, its insured, for fire loss to Mr. Stewart's townhouse.  Allstate provided the following reason for denial of Mr. Stewart's fire loss:

> [Allstate's] investigation revealed that ... [Kenneth Stewart] did not reside at the property listed on the declarations page at the time of the fire loss.  [Stewart] did not notify [his] agent or any other Allstate Representative of this change in use or occupancy as required under the policy terms and conditions.

Allstate has raised this defense to coverage in briefs filed in the underlying action in Louisiana State court.  *See* Rec. Doc. No. 6, exh. F, Allstate Memorandum in Support of Exception of No

Cause of Action.

Stewart subsequently filed a *pro se* claim for damages and declaratory judgment seeking to enforce his insurance contract with the defendant and declaring defendant responsible for paying all damages to the extent of the policy's limits, resulting from a fire that occurred on March 10, 2004.

Allstate removed Stewart's lawsuit to federal court on the basis of diversity jurisdiction, alleging that the mount in controversy exceeded $75,000. Removal apparently occurred before the state court could consider whether Stewart's lawsuit should be consolidated with Guidry's first-filed lawsuit. On April 28, 2005, after Stewart had retained counsel, Stewart filed a cross-claim against Allstate for defense and indemnity in Guidry's state court action.

On April 25, 2005, the Court granted ANPAC's motion to intervene in this case. ANPAC now seeks to remand this action to allow resolution of coverage issues in the underlying, parallel state court actions, which ANPAC avers it will move to have consolidated.

## *DISCUSSION*

ANPAC moves the Court to remand the instant action on two grounds. In the first, ANPAC moves that the Court remand this action on the basis of the abstention doctrine. In the second, ANPAC moves that the Court remand on the basis that it lacks the requisite jurisdictional amount in controversy.

**I.      AMOUNT IN CONTROVERSY**

Because ANPAC raises a threshold jurisdictional amount issue, the Court addresses its motion to remand for lack of subject matter jurisdiction first. In the state court action filed by

Stewart and subsequently removed to federal court, Stewart seeks to recover "to the extent of the limits of the insurance policy which insured the property" based on the March 10, 2004 fire which caused significant damage to Stewart's townhouse. Plaintiff's dwelling was insured for $35,000.00 and the contents for $17,500.00. Stewart also claims the cost of removing debris from the premises is $1,750.00. Plaintiff specifically states in the state court Petition that his total claim exceeds $52,500, excluding the Guidry claim filed against him. See Rec. Doc. No. 1, Petition at ¶ 6. In the prayer for relief, Plaintiff specifically "prays for judgment enforcing his insurance contract with defendant and declaring defendant responsible for paying all damages resulting from the accident...to the extent of the limits of the insurance policy which insured the property, and for all further equitable relief to which he may be entitled." *Id*. at ¶ 6.

A case may be removed properly to federal court when it appears from the face of the complaint that resolution of the case depends on a federal question. *Pan American Petroleum Corp. v. Superior Ct. of Delaware*, 366 U.S. 656, 662 (1961). The removal statute states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (2004). Whether subject matter exists is answered by looking at the complaint as it existed when it was removed. *In re Carter*, 618 F.2d 1093, 1100-1101 (5th Cir. 1980). 28 U.S.C. § 1332 (2005) confers federal jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.

Allstate based removal on an affidavit by its counsel to the effect that Stewart "may seek statutory penalties amounting to 25% of the claim for property damages," and that the Plaintiff demanded a defense and indemnity for Guidry's claim against Stewart for "which amounts will

exceed $25,000." *See* Rec. Doc. No. 1, Affidavit. The Fifth Circuit has clearly outlined when the amount in controversy is measured by the policy limits or the value of the underlying claim:

> [U]under certain circumstances the policy limits will establish the amount in controversy. Specifically, the policy limits are controlling "in a declaratory action ... as to the validity of the entire contract between the parties." 14 B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRAC. & PROC: JURISDICTION 2D § 3710 (3d ed. 1998); see also *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir, 1961) (holding that when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy). However, in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, "the jurisdictional amount in controversy is measured by the value of the underlying claim–not the face amount of the policy." [*Id.*]

*Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 912 (5th Cir. 2002). A review of the state court pleadings filed by Allstate in the Guidry case (which were attached as exhibits to ANPAC's motion to remand on the ground of abstention) reveals that the possible claims and defenses in this case that Allstate seeks to invalidate the entire contract and/or seeks to deny that it applies to this particular occurrence.[1] Accordingly, the Court measures the amount in controversy by the value of the underlying claim and not the face amount of the policy.

ANPAC argues that the policy limits ($52,500.00) solely determine the amount in controversy in this case because the removal of Stewart's state court Petition was the equivalent of Allstate's filing a declaratory judgment action in federal court. Specifically, ANPAC points

---

[1]Allstate claims both that Stewart's misrepresentations about his residency at the location of the fire invalidate the entire contract. Allstate also claims, however, that the insurance policy in question does not cover this particular occurrence because the fire was intentional and/or started by a third party arsonist. Even if the Court were to measure the amount in controversy solely by the face amount of the policies at issue, the Family Liability policy, which covers the defense and indemnity claims relating to the Guidry lawsuit, contains a face value of $100,000, which would satisfy the Court's requisite jurisdictional amount.

out that Allstate's reason for denying coverage was that Stewart represented that he lived at the residence insured by Allstate when, in fact, he did not. ANPAC further argues that Allstate's defense in this case, that the entire insurance contract between itself and Stewart is invalid due to misrepresentation, is legally equivalent to a situation in which Allstate files a declaratory action seeking to invalidate the entire contract.[2] Allstate, on the other hand, claims that the award of statutory penalties of 25% of the damages resulting from bad faith non-payment "and/or" statutory penalties under La. R.S. 22:1220 (double damages or a minimum of $5,000) place the jurisdictional amount squarely within the $75,000 required under 28 U.S.C. § 1332. Allstate contends further that those amounts, combined with the claim under the Family Liability policy for defense and indemnity, clearly exceed $75,000 on their face. The Fifth Circuit has held that the Court also calculates potential penalties, statutory damages, and punitive damages in addition to the attorney's fees and costs in an action such as this one. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998).

As stated above, the policy limits covering the property damage in this case are $52,500 ($35,000 policy covering the home, plus $17,500 covering its contents). Judge Barbier recently described how Louisiana courts apply the penalty provisions that Allstate cites to prove jurisdictional amount here:

> ...Louisiana Revised Statutes 22:658 and 22:1220, ... provide for penalties when an insurance company fails to timely pay a claim after receiving adequate proof of loss when the failure is arbitrary, capricious, or in bad faith. Under 22:658, an

---

[2] As explained in note 1, *supra*, ANPAC's argument ignores the face value of the Family Liability policy. Stewart also claims that Allstate owes him defense and indemnity under this policy, which carries a limit of $100,000.

> insurer is subject to a penalty, "in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater ... together with all reasonable attorney fees ...." LA. R. S. 22:658(B)(1).  Under 22:1220, a claimant "may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." LA. R. S. 22:1220(C).  While these provisions sanction virtually identical conduct, they differ in that under § 658, an insurer must pay the claim within 30 days of receiving a satisfactory proof of loss; under § 1220, the period is 60 days. *Calogero v. Safeway Ins. Co. of Louisiana*, 753 So. 2d 170, 174 (La. 2000); LA. R. S. 22:658(A)(1) & (B)(1); 22:1220(B)(5).  Where § 1220 provides a greater penalty, it supersedes § 658, so that the insured cannot recover penalties under both. *Calogero*, 753 So. 2d at 174.  However, because § 1220 does not provide for attorney's fees, an insured may recover the greater penalties under § 1220 and attorney's fees under § 658. Id.

*Pride v. Am. Sec. Ins. Co.*, C.A. No. 02-2748 "J," *available at* 2003 U.S. Dist. LEXIS 4830 (E.D. La., 2003).

To arrive at its calculation of the amount in controversy, Allstate suggests that its potential liability equals the total policy amount ($52,500, representing the claimed losses) plus either double damages (presumably, Allstate also means $52,500) or a minimum $5000, plus either a possible 25% of the damages resulting from the bad faith breach or a $1000 minimum penalty.  Statutory penalties under both 22:1220 and 22:658 are not both available at the same time.  In addition, in the absence of any evidence as to the value of the damages *attributable to the bad faith breach*, the Court will only calculate the statutory minimum penalties as recoverable.  Judge Barbier further explained:

> 22:1220 does <u>not provide for a doubling of the loss insured against; rather, it provides for a doubling of the damages attributable to the insurer's breach of duties imposed under the statute</u>. *In the Matter of Hannover Corp. of America*, 67 F.3d 70, 76 (5th Cir. 1995) ("a penalty award under section 22:1220 requires proof of damages arising from the breach"); *Princess Boat Rental, Inc. v. McGriff*,

> *Seibels & Williams of Texas, Inc.*, 1999 U.S. Dist. LEXIS 16134, 1999 WL 893569, *3 (E.D. La. Oct. 15, 1999) ("the plaintiff is entitled to recover any damages which it can prove at trail are directly attributable to the insurer's breach of duties set forth in 22:1220").  Typically, the loss to the insured is made up of the amount of interest the insured would have earned on amounts it was forced to expend due to the insurer's delay in paying a claim. See, La. Civ. Code art. 2000. ....  However, the defendant, who bears the burden of demonstrating the amount in controversy is met, has pointed to no evidence which suggests any specific value for the loss attributable to its alleged mishandling of the claim, except for plaintiff's demand letter, which apparently was premised on the same fallacy as defendant's memorandum in support of removal (i.e., calculation of the penalty under 22:1220 based on a doubling of the insured loss, rather than the damages attributed to defendant's mishandling of claim).
>
> In the absence of proof of the amount of consequential damages resulting from a violation of 22:1220, courts impose the alternate $ 5000 penalty.  *Hannover Corp.*, 67 F.3d at 76, citing *Hall v. State Farm Mut. Auto. Ins. Co.*, 658 So. 2d 204, 206 (La. Ct. App. 3rd Cir. 1995), *Midland Risk Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 643 So. 2d 242, 244 (La. Ct. App. 3rd Cir. 1994), *Harris v Fontenot*, 606 So. 2d 72, (La. Ct. App. 3rd Cir. 1992), *Estate of Robichaux v. Jackson National Life Ins. Co.*, 821 F. Supp. 429, at 431-32 (E.D. La. 1993). Thus, the only statutory penalty that it is facially apparent that plaintiff' is potentially entitled to is $ 5000.  ....  As other courts have observed, attorney fee awards under 22:658 typically do not exceed $ 7500.  *Poynot v. Hicks*, 2002 U.S. Dist. LEXIS 17272, 2002 WL 31040174, *3 (E.D. La. Sept. 12, 2002)(citing [*7] *Bagneris v. State Farm Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 17160, 1995 WL 683876 (E.D. La. Nov. 15, 1995).
>
> A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $ 75,000.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).  This burden can be met by either (1) demonstrating that it is "facially apparent" from the petition that the claim exceeds $ 75,000, or (2) setting forth facts in controversy, either by affidavit or in the removal petition, that support a finding of the requisite amount.  *Id.*

*Id*. at 4-7.

Like the defendant in *Pride*, Allstate has put forth insufficient evidence as to the amount of potential liability for losses sustained as a result of their allegedly mishandling Stewart's

claim. *Id*. In the absence of such evidence, the Court assumes that the $5000 alternate penalty applies to the claim at bar. *Id.* The Court likewise assumes in the absence of any evidence on attorney's fees that they amount to a total of $7500. *Id.* Totaling all of this potential liability together, the amount in controversy equals $66,750. Standing alone, this amount falls short of the requisite amount in controversy. However, Stewart also included a claim for defense and indemnity under the Family Liability policy provisions of the Insurance Policy in question. Andre Guidry claims the following losses in the underlying complaint for which Stewart demands defense and indemnity: loss of his home, its content and furnishings; loss of use and enjoyment of same; exposure to unwanted liability, code enforcement, and foreclosure of his home; public calumny and shame; and mental anguish and suffering. It is apparent from the face of the underlying claim and from the face of the indemnity and defense claim against Allstate that the damages will be sufficient to raise the $66,750 above the jurisdictional minimum of $75,000. Accordingly, the Court determines that the claims at bar satisfy the requisite jurisdictional amount and remand is inappropriate.

## II.     ABSTENTION

ANPAC additionally moves the Court to remand the instant removed action on the basis of the abstention doctrine. Specifically, ANPAC argues that the Court should exercise its discretion pursuant to 28 U.S.C. § 1447 and the abstention doctrine enunciated in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942), to remand the action back to Louisiana state court.

Allstate opposes the motion on several grounds. First, Allstate points out that Stewart

filed a "Petition" which included a prayer for damages, declaratory relief, and any other equitable relief as well. Second, Allstate argues that the abstention doctrine under both *Wilton* and *Brillhart* apply only to a case in which a plaintiff files a declaratory action in federal court, not to the situation in which the state court defendant <u>removes</u> an action from state to federal court. Third, Allstate argues that the factors mentioned in the abstention doctrine still warrant a denial of the motion to remand in this case.

The Fifth Circuit recently outlined the standard applicable to a district court's decision to stay or dismiss an action for wise judicial administration:

> One of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief. If the federal suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by a standard derived from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 86 L. Ed. 1620, 62 S. Ct. 1173 (1942). If the suit involves a request for monetary or other relief, the district court's discretion to stay is "narrowly circumscribed" by its obligation to hear cases within its jurisdiction, even if delaratory relief is also requested, and the propriety of a stay is governed by the "exceptional circumstances" standard of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19, 47 L. Ed 2d 483, 96 S. Ct. 1236 (1976). *Colorado River* discretion to stay is available only where the state and federal proceedings are parallel– i.e., where the two suits involve the same parties and the same issues.

*Am. Guar. & Liberty Ins. Co. v. ANCO Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. May 2, 2005).

ANPAC correctly concedes that Stewart seeks the following relief in his Petition: (1) first party insurance benefits and monetary damages due him for fire damage to his own townhouse; (2) a declaration that Allstate owes Stewart defense and indemnity for Andre Guidry's claims in

state court against Stewart for damage caused to Mr. Guidry's adjoining townhouse as well as damages therefrom; and (3) a declaration that the policy between himself and Allstate is enforceable as a whole. The state court action filed by Stewart, therefore, clearly claims damages in addition to any declaratory relief.[3] There is undeniably a state court action filed by Andre Guidry in which both Kenneth Stewart and Allstate are defendants. In this state court action, Stewart has filed a cross-claim against Allstate seeking the same relief as he sought in his *pro se* Petition filed also in state court. At issue in the state court petition is whether the insurance contract between Kenneth Stewart and Allstate is valid in its entirety and whether or not Allstate is obligated to defend and indemnify Kenneth Stewart for the losses claimed by Andre Guidry. This is the same issue that will be presented by the parties to this Court in the quest for a declaration that a) the entire insurance contract between Stewart and Allstate is valid; and b) that the insurance contract entitles Stewart to a defense and indemnity by Allstate. Stewart also seeks damages in both the cross claim and the Petition. According to *American Guarantee*, therefore, the Court properly analyzes ANPAC's abstention argument under the *Colorado River* factors and <u>not</u> under the *Brillhart* factors in this case, as suggested by ANPAC.[4]

Absention from the exercise of federal jurisdiction represents an "extraordinary and

---

[3]*See* Rec. Doc. No. 14 at 1-2 ("Mr. Stewart's *pro se* Petition does, indeed, seek declaratory relief and should, therefore, be construed to seek, *inter alia*, a declaratory judgment. .... Mr. Stewart's latter claim clearly is for declaratory relief."). The "*inter alia*" to which ANPAC refers are monetary damages.

[4]While Allstate did argue that the Court lacked discretion under the *Brillhart* analysis in this case because Plaintiff requested both damages and declaratory relief, it is notable that Allstate did not suggest or argue which standard would apply in the absence of the *Brillhart* analysis.

narrow exception" to the "virtually unflagging obligation of federal courts to exercise the jurisdiction given to them." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 47 L. Ed 2d 483, 96 S. Ct. 1236 (1976). *Colorado River* identified four factors that a district court must consider in deciding whether to abstain for purposes of wise judicial administration: (1) which court first assumed jurisdiction over the res involved in the actions; (2) relative convenience or inconvenience of litigating in the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the actions were filed.  The Supreme Court added two more factors in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S. Ct 927, 74 L. Ed. 2d 765 (1963): (5) whether federal law issues in the dispute provide a major factor weighing against surrender of jurisdiction; and (6) whether state court proceedings adequately protect the party invoking federal jurisdiction.  While no single factor is dispositive, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Id*. at 16.

Applying the factors to this case, the Court finds that the facts presented fit the narrow and extraordinary circumstances justifying abstention in this case.  First, the Louisiana court first assumed jurisdiction over the insurance contract, parties, and townhouses involved in the instant litigation.  Andre Guidry first filed his lawsuit naming as Defendants both Allstate and Kenneth Stewart.  Stewart, apparently in some confusion as a *pro se* litigant, filed a separate action seeking both declaratory relief and monetary relief from Allstate, rather than filing a cross-claim in that action– in short, he seeks the same relief in the first-filed Guidry suit that he seeks in this action.  In addition, Allstate filed its Exception of No Cause of Action in the Guidry suit long before it sought to remove the instant action.  It filed its Exception on November 19, 2004, but it

did not remove the instant action to federal court until April 4, 2005.

Second, the federal forum is slightly more inconvenient than the federal forum.  The townhouses and parties are located in St. Charles Parish, the location of both Andre Guidry's underlying lawsuit.  Material witnesses and evidence, therefore, is located in St. Charles Parish, the location of the first-filed action.  Although traveling to New Orleans from St. Charles Parish is not excessively onerous, it is unnecessary.

Third, all of the claims in the instant action will be resolved in the underlying Guidry suit.  Allstate all but glosses over the third factor in its opposition memo.  Allstate fails to consider Mr. Stewart's cross claim filed against Allstate seeking damages for his losses under the policy, validity of the contract, and a defense and indemnity to Guidry's suit.  The suit by Guidry against Allstate will resolve Allstate's liability to indemnify and defend Stewart for the suit and will adjudicate the extent to which Allstate is liable for damages incurred as a result of its refusal to pay for repairs to the common structural elements of the townhouses.  There is no controversy in the instant dispute that cannot and will not be resolved in the Guidry state court action.  However, Guidry is not properly before the Court in the instant action.  In both the state court action and this action, Allstate's primary defense is that Stewart made misrepresentations concerning the occupancy of the townhouse and that other individuals are responsible for the fire.  Thus, Allstate essentially seeks a declaration that the entire insurance contract is void or that it does not cover this occurrence.  Resolving the claims between Allstate and Stewart in this removed and second-in-time suit would necessarily have preclusive effect on the state court action and would result in a declaration of rights which might prevent the state court's

adjudicating the dispute, even as it relates to Guidry.

Fourth, the state court action was filed first. As explained above, both Guidry's suit against Stewart and Allstate and Stewart's separate state court action were filed first. Allstate removed before the state court apparently had the opportunity to consolidate the actions. Allstate also raised the same issues that will be adjudicated in the instant dispute on November 19, 2004, but it did not remove until April, 2005. This factor likewise counsels in favor of abstention.

Fifth, no federal law applies to the instant dispute. The matter is entirely subject to Louisiana tort, contract, and property law.

Sixth, the Court can determine no reason why Allstate (the party invoking the Court's jurisdiction through removal) will not be adequately protected by the Louisiana action. It has raised the same defenses and faces the same parties. As will be explained below, the Court is not dismissing or remanding the instant action. Instead, the court retains jurisdiction over the parties, but defers to the factfinding of the better situated state court which is set to resolve all claims between each of the parties involved in this dispute.

Although the Court has adjudicated the *Colorado* factors in favor of ANPAC, a dismissal or remand is not appropriate in this case.[5] In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719, 116 S. Ct. 1712, 135 L. Ed 2d 1 (1996), the Supreme Court "addressed whether the

---

[5] The Court notes that it does not possess greater discretion to impose a stay rather than to dismiss or remand, as either order is subject to the "exceptional circumstances" test. The Fifth Circuit recently explained: "the Supreme Court has held that the exceptional circumstances test applies regardless of whether the district court dismisses or merely stays a case." *American Guarantee*, 408 F.3d at 251 (citing *Moses H. Cone*, 460 U.S. at 27-28).

principles underlying [the] abstention cases would support the remand or dismissal of a common-law action for damages." The Court explained that it has "applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order that *postpones* adjudication of the dispute, not to dismiss the federal suit altogether." *Id*. The Court continued and noted that a stay rather than a remand or a dismissal is appropriate where a parallel state court proceeding will adjudicate the dispute in question:

> Unlike the outright dismissal or remand of a federal suit,... an order merely staying the action "does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition." We have thus held that in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court. By contrast, while we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.

*Id.* at 720-21 (internal citations omitted). Therefore, the court does not remand or dismiss the instant action in its entirety. Rather, the Court finds that the state court, located in St. Charles Parish, is better situated to resolve all parties' claims and that a stay is more appropriate in this extraordinary case.

### *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that the Motions to Remand (Rec. Doc. Nos. 6, 9) are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the instant action is hereby **STAYED** pending the

15

outcome of the state court action captioned "Andre Guidry v. Kenneth Stewart and Allstate Insurance Company," No. 61445, in the 29th Judicial District Court, Parish of St. Charles, State of Louisiana.  This matter is hereby closed for statistical purposes  Any party may move to reopen at any time, but **no later than 30 days** after a final judgment in "Andre Guidry v. Kenneth Stewart and Allstate Insurance Company," No. 61445, in the 29th Judicial District Court, Parish of St. Charles, State of Louisiana.

    New Orleans, Louisiana, this the 19TH DAY  of  AUGUST, 2005.

                                          IVAN L.R. LEMELLE
                                 UNITED STATES DISTRICT JUDGE